LUCERO, Circuit Judge,
concurring.
Although I respectfully agree with the compelling analysis of my colleagues, I write separately to express my concern with an injustice occasioned by the peculiar circumstances of this case. The purpose of the estate tax charitable deduction is to promote testamentary transfers to qualified charitable organizations. Yet, when an estate settles a claim in a bona fide effort to respect a testator’s charitable intent, tax on such settlement is paid by the estate, and hence — in casés such as that before us — by the charity as residuary. More paradoxical still, Treasury Regulations provide that “[i]f a charitable organization assigns or surrenders a part of a transfer to it pursuant to a compromise agreement in settlement of a controversy, the amount so assigned or surrendered is not deductible as a transfer to that charitable organization.” 26 C.F.R. § 20.2055-2(d).
Buell’s last will specifically excluded his descendants and left the residue of his estate to the Buell Trust and thereby the Foundation. Faced with hostile claims from certain descendants, the Buell Trust took what it considered prudent steps in settling the descendants’ claims. The good faith of the Trustee in effecting that settlement has not been placed at issue by the government, which is to be expected, considering that under the existing tax scheme the government need not challenge the bona fides of the fiduciary in order to prevail. Good faith or bad — the Internal Revenue Service wins out. I fail to see why the federal government should gain, and charities thereby lose, when third parties successfully usurp a testator’s charitable wishes.